UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

KRISTOPHER THOMAS, ) Case No. CV 14-0093-AJW
)
    Petitioner, )
)
 v. ) MEMORANDUM AND ORDER
) DISMISSING PETITION
JOHN SOTO, Warden, )
)
    Respondent. )
_____)

    Petitioner was convicted of first degree murder, and the jury found true allegations that petitioner personally discharged a firearm in the commission of the murder and committed the murder for the benefit of a criminal street gang. Petitioner was sentenced to state prison for two consecutive terms of 25 years to life. [Lodged Documents ("LDs") 1-2]. On December 23, 2013, petitioner filed this petition for a writ of habeas corpus challenging that conviction.[1]

---

[1] Although the petition was not actually filed by the Clerk until January 6, 2014, petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a state or federal habeas petition is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's pleading is deemed filed at the moment it is delivered to prison authorities for forwarding to the

Respondent filed a motion to dismiss the petition on April 8, 2014, arguing, among other things, that the petition is untimely. Petitioner did not file an opposition to the motion.[2]

Section 2244(d) imposes a one-year statute of limitation for the filing of habeas corpus petitions by state prisoners. 28 U.S.C. § 2244(d).[3] The one-year limitation period in petitioner's case began to

---

district court). For present purposes, the Court assumes that petitioner handed each of his petitions to the proper prison official for mailing on the date he signed them.

[2] Pursuant to Local Rule 7-12, failure to file an opposition may be deemed consent to the granting of the motion. Therefore, the motion to dismiss also may be granted on the basis of petitioner's failure to oppose it.

[3] It provides:
>     (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

2

run on the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(A).

The California Court of Appeal affirmed petitioner's conviction on February 28, 2012, and, on May 16, 2012, the California Supreme Court denied review. [Petition, Attachment]. Petitioner's conviction became final ninety days later – on August 14, 2012 – when the time for filing a petition for a writ of certiorari expired. <u>Caspari v. Bohlen</u>, 510 U.S. 383, 390 (1994); <u>Wixom v. Washington</u>, 264 F.3d 894, 897 (9th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1143 (2002). Absent tolling, the limitation period expired one year later, on August 14, 2013. <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245-1246 (9th Cir. 2001), <u>cert. denied</u>, 534 U.S. 978 (2001).

This petition, however, was not filed until December 23, 2013, more than four months after the limitation period expired. Absent grounds for statutory or equitable tolling of the limitation period, the petition is time-barred.

The limitation period does not run while a properly filed state application for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). <u>See</u> <u>Carey v. Saffold</u>, 536 U.S. 214, 218-219 (2002).

On March 13, 2013, petitioner filed a petition in the California Superior Court. [LD 6]. That petition was denied on April 16, 2013. [LD 7]. Tolling the limitation period for time that this petition was pending, petitioner had an additional 34 days – until September 17, 2013 – to file his federal petition. Even after taking statutory tolling into account, however, petitioner did not file his federal petition until more than three months after the limitation period had expired.

1    The limitation period also can be equitably tolled. Petitioner
2 is entitled to equitable tolling only if he shows "(1) that he has
3 been pursuing his rights diligently, and (2) that some extraordinary
4 circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649
5 (2010)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).
6 "Equitable tolling is only appropriate if 'extraordinary circumstances
7 beyond a prisoner's control make it impossible to file a petition on
8 time." Randle v. Crawford, 604 F.3d 1047, 1057 (9th Cir.) (quotation
9 marks and citation omitted), cert. denied, 131 S.Ct. 474 (2010).
10   Petitioner does not allege, and nothing in the record suggests,
11 that extraordinary circumstances prevented him from timely filing a
12 federal petition. Accordingly, he is not entitled to equitable
13 tolling.
14   For the foregoing reasons, the petition is dismissed as untimely.
15   **It is so ordered**

17 Dated: May 20, 2014

                                    _____
                                    Andrew J. Wistrich
                                    United States Magistrate Judge

4